

# IN THE COURT OF CRIMINAL APPEALS
# OF TEXAS

## NO. WR-88,535-01

### EX PARTE CHRISTIAN ALBERTO MARTINEZ, Applicant

### ON APPLICATION FOR A WRIT OF HABEAS CORPUS
### CAUSE NO. 20110D01837-210-1 IN THE 210TH DISTRICT COURT
### FROM EL PASO COUNTY

*Per curiam*.

### O R D E R

Pursuant to the provisions of Article 11.07 of the Texas Code of Criminal Procedure, the clerk of the trial court transmitted to this Court this application for a writ of habeas corpus. *Ex parte Young*, 418 S.W.2d 824, 826 (Tex. Crim. App. 1967). Applicant was convicted of capital murder and sentenced to life without parole possibility. The El Paso Court of Appeals affirmed the conviction and sentence. *Martinez v. State*, No. 08-14-00130-CR (Tex. App.—El Paso del. Aug. 24, 2016).

Applicant raises claims of ineffective assistance of counsel in his habeas application. Applicant says that, before trial in this case, there was a competency trial held before a jury. *See* TEX. CODE CRIM. PROC. art. 46B.051. He complains that competency-trial counsel prejudiced his

competency case by telling the jury that Applicant would seek a not guilty verdict by reason of insanity if the competency-trial jury found him to be competent, and he complains that counsel failed to object to numerous pieces of hearsay evidence at the competency trial. Applicant also complains that appellate counsel failed to raise these ineffective assistance of competency-trial counsel claims on direct appeal, although appellate counsel raised other claims of ineffective assistance. Applicant has alleged facts that, if true, might entitle him to relief. *Strickland v. Washington*, 466 U.S. 668 (1984); *Ex parte Patterson*, 993 S.W.2d 114, 115 (Tex. Crim. App. 1999).

There is no response from either competency-trial or appellate counsel in the record provided to this Court, and there are no findings from the trial court. In these circumstances, additional facts are needed. As we held in *Ex parte Rodriguez*, 334 S.W.2d 294, 294 (Tex. Crim. App. 1960), the trial court is the appropriate forum for findings of fact.

The trial court shall order competency-trial and appellate counsel to respond to Applicant's claims of ineffective assistance by explaining counsels' representation of Applicant, including applicable strategy and tactical decisions. To obtain the responses, the trial court may use any means set out in TEX. CODE CRIM. PROC. art. 11.07, § 3(d). If the trial court elects to hold a hearing, it shall determine whether Applicant is indigent. If Applicant is indigent and wishes to be represented by counsel, the trial court shall appoint an attorney to represent Applicant at the hearing. TEX. CODE CRIM. PROC. art. 26.04.

The trial court shall make findings of fact and conclusions of law regarding the claims raised in the habeas application. The trial court may also make any other findings of fact and conclusions of law it deems relevant and appropriate to the disposition of Applicant's claims.

This application will be held in abeyance until the trial court has resolved the fact issues. The

issues shall be resolved within 90 days of this order. A supplemental transcript containing all affidavits and interrogatories or the transcription of the court reporter's notes from any hearing or deposition, along with the trial court's supplemental findings of fact and conclusions of law, shall be forwarded to this Court within 120 days of the date of this order. Any extensions of time shall be obtained from this Court.

Filed: August 22, 2018
Do not publish